UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Jim Marco Cabanillas Lazo,

        Petitioner,

—v—

Thomas Decker, *et al.*,

        Respondents.

19-cv-8513 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    Having review the parties' submissions, *see* Dkt. Nos. 12, 16, the Court concludes that the Due Process Clause of the Fifth Amendment requires that Petitioner receive a new bond hearing at which the Government must bear the burden of justifying Petitioner's continued detention by clear and convincing evidence, and at which the Immigration Judge must consider, among other things, Petitioner's ability to pay bond and suitability for alternative conditions of release. *See Medley v. Decker*, No. 18-cv-7361 (AJN), 2019 WL 7374408, at *3–4 (S.D.N.Y. Dec. 11, 2019); *Rodriguez Sanchez v. Decker*, No. 18-cv-8798 (AJN), 2019 WL 7047328, at *5 (S.D.N.Y. Dec. 23, 2019).

    Though the Government argues that Petitioner must exhaust his administrative remedies before seeking relief from this Court, "there is no statutory requirement that a habeas petitioner exhaust his administrative remedies before challenging his immigration detention." *Brevil v. Jones*, No. 17-cv-1529 (LTS), 2018 WL 5993731, at *2 (S.D.N.Y. Nov. 14, 2018) (quoting *Araujo-Cortes v. Shanahan*, 35 F. Supp. 3d 533, 538 (S.D.N.Y. 2014)). The Court does not require exhaustion here as a prudential matter because exhaustion of administrative remedies would be futile. *See Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (articulating circumstances in which exhaustion may not be required as a prudential matter, including where

1

"(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question"); *see also Velasco Lopez v. Decker*, No. 19-cv-2912 (ALC), 2019 WL 2655806, at *3 (S.D.N.Y. May 15, 2019) (excusing habeas petitioner from exhausting his claim challenging allocation of burden at bond hearing on constitutional grounds); *Joseph v. Decker*, No. 18-cv-2640 (RA), 2018 WL 6075067, at *6–7 (S.D.N.Y. Nov. 21, 2018) (same); *Brevil*, 2018 WL 5993731, at *3 (same). Indeed, the Board of Immigration Appeals ("BIA") has predetermined the issue of who must bear the burden of establishing dangerousness or risk of flight at a bond hearing. *See Velasco Lopez*, 2019 WL 2655806, at *3 (citing *In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006)). Moreover, the BIA lacks the authority to address constitutional issues, including the due process challenge Petitioner raises here. *Id.*; *see also Severino v. Mukasey*, 549 F.3d 79, 83 (2d Cir. 2008). For these reasons, the Court declines the invitation to require Petitioner to exhaust his administrative remedies.

Accordingly, Petitioner's petition for a writ of habeas corpus is GRANTED. Within seven days of the date of this Order, Respondents shall either take Petitioner before an Immigration Judge for an individualized bond hearing consistent with this Order or release him. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

Dated: January 31, 2020
New York, New York

_____
ALISON J. NATHAN
United States District Judge